UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

COURTHOUSE NEWS SERVICE,

    Plaintiff,

v.                                                                          CASE NO. 4:22-cv-106-MW/MAF

BRENDA D. FORMAN, et al.,

    Defendants.
_____/

**PLAINTIFF CNS' REPLY MEMORANDUM OF LAW
TO DEFENDANT BRENDA D. FORMAN'S OPPOSITION TO CNS'
<u>MOTION FOR PRELIMINARY INJUNCTION</u>**

Pursuant to this Court's April 19, 2022, Order Setting Deadlines and Preliminary Injunction Hearing (ECF 40), Plaintiff Courthouse News Service ("CNS") files this Reply to Defendant Brenda D. Forman's ("Clerk Forman") Opposition to Plaintiff's Motion for Preliminary Injunction ("Opposition" or "Opp.") (ECF 44).

Clerk Forman's Opposition is remarkable for what it does not dispute: Clerk Forman does not contest that she withholds access to newly filed non-confidential civil complaints while they sit in a review queue waiting to be processed by her staff, resulting in access delays. Indeed, she does not address the merits of the First Amendment issues at all. Instead, with regard to CNS' likelihood of success on the merits, she merely rehashes arguments made in her Amended Motion to Dismiss

("MTD") (ECF 26). This Court has already rejected each of those arguments in denying Clerk Forman's MTD (ECF 45), and therefore CNS will not re-address them here.

Rather, CNS will briefly focus on Clerk Forman's arguments about the last preliminary injunction factors and a bond. Clerk Forman argues that (1) CNS has not demonstrated irreparable harm, Opp. at 31-33, (2) CNS' injury does not outweigh the purported injury to Clerk Forman and that an injunction is not in the public interest, *id.* at 33-35, and (3) CNS should be required to post a bond, *id.* at 35. As explained below, she is wrong on each of these issues.

## ARGUMENT

**I.    CNS Has Shown Irreparable Harm.**

Clerk Forman asserts that CNS has failed to demonstrate irreparable harm. But contrary to her assertion, the Eleventh Circuit has repeatedly held that harms to First Amendment rights "for even minimal periods of time, unquestionably constitute[] irreparable injury' supporting preliminary relief." *See Austin v. Univ. of Fla. Bd. of Trs.*, No. 1:21-cv-184-MW/GRJ, 2022 WL 195612, at *25 (Jan. 21, 2022) (citing *Scott v. Roberts*, 612 F.3d 1279, 1295 (11th Cir. 2010)); *FF Cosmetics FL, Inc. v. City of Miami Beach*, 866 F.3d 1290, 1298 (11th Cir. 2017) ("an ongoing violation of the First Amendment constitutes irreparable injury"). Thus, CNS will suffer irreparable harm unless an injunction is granted.

2

Clerk Forman argues that the harm CNS has identified is merely conjectural or hypothetical, Opp. at 32, but this argument is wholly without factual support. CNS has submitted evidence of the substantial delays in public access to newly filed civil complaints in Broward County (*see* ECF 35 [Preliminary Injunction Motion] at 12-15), and Clerk Forman has not even attempted to proffer any conflicting data. In fact, as discussed more fully in CNS' reply to Chair Rushing's opposition, data produced by the Florida Courts E-Filing Authority confirms the CNS delay statistics. *See* Courthouse News Service's Reply to Defendant Karen E. Rushing's Response in Opposition to Plaintiff's Motion for Preliminary Injunction and Incorporated Memorandum of Law, ECF 46 at 2, n.2. The delays in and denials of access are real and constitute concrete harm that can be redressed by this Court. *See, e.g.*, *CNS v. Planet*, 947 F.3d 581, 594 (9th Cir. 2020) ("*Planet III*") ("[T]he public interest in obtaining news is an interest in obtaining contemporaneous news."); *State ex rel. Miami Herald Publ'g Co. v. McIntosh*, 340 So. 2d 904, 910 (Fla. 1976) ("To be useful to the public, news events must be reported when they occur.").

Quite simply, withholding "timely access to newly filed complaints," as Clerk Forman is doing here, "stifles the 'free discussion of governmental affairs' that the First Amendment exists to protect." *CNS v. Planet*, 750 F.3d 776, 787-88 (9th Cir. 2014). Therefore, CNS has shown that it will suffer irreparable harm if an injunction is not granted.

## II. The Harm CNS Will Suffer Outweighs Any Alleged Harm From Granting An Injunction And An Injunction Serves The Public Interest.

Because Clerk Forman is a governmental party, this Court's analysis of the third and fourth injunction factors – any purported damage to the Defendant and the public interest – can be combined. *See Otto v. City of Boca Raton, Fla.*, 981 F.3d 854, 870 (11th Cir. 2020); *Scott v. Roberts*, 612 F.3d 1279, 1290 (11th Cir. 2010).

Clerk Forman will suffer no appreciable harm from an injunction prohibiting the unconstitutional withholding of newly e-filed non-confidential circuit civil complaints from press and public view until after clerical processing. She argues that relief cannot be provided in this case without the participation of the FSC Clerk and the Association, but the Court has already rejected that argument. (ECF 45 at 18-22.) Nor will the relief CNS seeks interfere with Florida's administration of justice: CNS is not asking this Court to take any action impacting the way that judges, clerks, or litigants behave in new cases.

Further, Clerk Forman's reliance on *CNS v. Schaefer,* 440 F. Supp. 3d 532 (E.D. Va. 2020), *aff'd*, 2 F.4th 318 (4th Cir. 2021), is misplaced. *See* Opp. at 34. There, after being sued, the defendants changed the practices that led to the unconstitutional withholding of complaints, so the Court found injunctive relief inappropriate. The Court still issued a declaration of CNS' rights to ensure continued compliance with the First Amendment's requirements. Here, Defendants have taken no action to remedy the constitutional wrong.

Finally, the public has no interest in maintaining unconstitutional denials of access to newly filed complaints. *See Odebrecht Constr., Inc. v. Sec'y, Fla. Dep't Transp.*, 715 F.3d 1268, 1290 (11th Cir. 2013) ("State's alleged harm is all the more ephemeral because the public has no interest in the enforcement of what is very likely an unconstitutional statute"); *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1272 (11th Cir. 2006) (same). On the contrary, the public actually benefits from greater transparency in and timely reporting on the judicial system. *See FF Cosmetics*, 866 F.3d at 1298 (enjoining First Amendment violations "would advance the public's interest in freedom of speech").

**III.    No Bond Should Be Required.**

Clerk Forman's Opposition implies that a bond may be mandatory here, *see* Opp. at 35, but this Court has discretion not to require a bond, as the Eleventh Circuit has recognized. *See BellSouth Telecomms., Inc. v. MCIMetro Access Transmission Servs.*, LLC 425 F.3d 964, 971 (11th Cir. 2005). The relief CNS seeks is that Defendants simply provide pre-processing access. In fact, the software vendor being utilized in Florida – Granicus – has already provided a review queue for the Arizona courts that makes complaints automatically accessible virtually upon receipt and prior to processing. Thus, Defendants do not stand to suffer any real injury if an injunction is entered, and no bond is needed here. In the event, however, that the Court deems one necessary, CNS respectfully requests that it be for a nominal

amount. *See, e.g.*, *Courthouse News Serv. v. Jackson*, 2009 WL 2163609, at *5 (S.D. Tex. July 20, 2009) (requiring bond of $1,000); *see also* ECF 35-1, ¶ 57 (stating that the court in *Courthouse News Serv. v. Tingling*, 2016 WL 8739010 (S.D.N.Y. Dec. 16, 2016), set a $5,000 bond).

## CONCLUSION

CNS has stated a claim against Clerk Forman that is likely to succeed. The First Amendment requires Clerk Forman to justify withholding complaints while they sit in an electronic queue until the completion of administrative processing. Clerk Forman does not even attempt to establish that this practice is supported by an overriding interest or is essential to preserve higher values or that it is narrowly tailored. In e-filing environments, like Florida's, the First Amendment requires pre-processing access to complaints upon their receipt for filing. CNS is entitled to the preliminary injunction it seeks.

Dated: May 5, 2022

Respectfully submitted,

THOMAS & LOCICERO PL

/s/ *Carol Jean LoCicero*
Carol Jean LoCicero (FBN 603030)
Mark Caramanica (FBN 110581)
601 South Boulevard
Tampa, FL 33606
Telephone: (813) 984-3060
Facsimile: (813) 984-3070
clocicero@tlolawfirm.com
mcaramanica@tlolawfirm.com
tgilley@tlolawfirm.com

        Daniela B. Abratt (FBN 118053)
        915 Middle River Drive, Suite 309
        Fort Lauderdale, FL 33304
        Telephone: (954) 703-3418
        Facsimile: (954) 400-5415
        dabratt@tlolawfirm.com
        bbrennan@tlolawfirm.com

        -and-

        Jonathan E. Ginsberg (*pro hac vice*)
        BRYAN CAVE LEIGHTON PAISNER LLP
        1290 Avenue of the Americas
        New York, NY  10104
        Telephone: (212) 541-1130
        jon.ginsberg@bclplaw.com
        dortiz@bclplaw.com

        *Attorneys for Plaintiff Courthouse News Service*

## LOCAL RULE 7.1(F) CERTIFICATE OF COMPLIANCE

I hereby certify that this memorandum of law contains 3,200 words, with such word count incorporating all portions of this document subject to the word limitations imposed under Local Rule 7.1(F).

        /s/ *Carol Jean LoCicero*
        Carol Jean LoCicero

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be served by electronic service through the Clerk of the Court's CM/ECF filing

system.  I further certify that the foregoing document will be mailed by first class mail, postage prepaid, to any parties that do not participate in the CM/ECF filing system.

Dated: May 5, 2022

                                              /s/ *Carol Jean LoCicero*
                                              Carol Jean LoCicero