IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

COURTHOUSE NEWS SERVICE,

    Plaintiff,

v.                              CASE NO. 4:22-cv-00106-MW-MAF

BRENDA D. FORMAN, in her official
capacity as the Broward County Clerk
of Courts; the FLORIDA E-FILING
AUTHORITY; and KAREN E. RUSHING,
in her official capacity as chair of the
Florida E-Filing Authority

    Defendants.

_____/

## **DEFENDANTS BRENDA D. FORMAN AND KAREN E. RUSHING'S NOTICE OF FILING JOINT PLAN**

Defendants Brenda D. Forman, in her official capacity as the Broward County Clerk of Courts ("Clerk Forman") and Karen E. Rushing, in her official capacity as chair of the Florida E-Filing Authority ("Chair Rushing"), by and through their undersigned counsel, hereby file this joint plan with the Court, pursuant to the instructions in the Court's Preliminary Injunction, ECF No. 56.

## **BACKGROUND**

This case arises under the First and Fourteenth Amendments to the United States Constitution and the Civil Rights Act, 42 U.S.C. §§ 1983, *et seq.* Plaintiff

Courthouse News Service ("Plaintiff" or "CNS") filed its Complaint Seeking Declaratory and Injunctive Relief for Violation of First Amendment Rights on March 9, 2022. (ECF No. 1). Plaintiff subsequently filed a Motion for Preliminary Injunction on April 14, 2022. (ECF No. 35). Both Defendants filed responses to Plaintiff's motion on April 28, 2022 (ECF Nos. 43, 44), and Plaintiff replied to those responses on May 5, 2022 (ECF Nos. 46, 47). On May 12, 2022, the Court held a hearing on Plaintiff's Motion for Preliminary Injunction. All parties submitted evidence in the form of declarations or documents and the attorneys provided the Court with arguments as to the ultimate relief requested. The Court allowed additional briefing from the parties, of which Chair Rushing and Plaintiff took advantage. (ECF Nos. 52, 53).

On June 10, 2022, the Court issued a Preliminary Injunction against both Defendants, enjoining Defendants "from withholding public access to non-confidential complaints in Broward County before clerical processing…" (ECF No. 56, pp. 49-50). The Court ordered Defendants "to confer and submit a plan for providing timely public access to non-confidential civil complaints before clerical processing occurs." (Id., p. 50). Initially, the Court set the deadline for the plan for June 24, 2022. However, Chair Rushing filed a Consented Motion for Extension of Time on June 22, 2022, which was granted by the Court. (ECF Nos. 59, 60).

Pursuant to the requirements of the Court, as set forth in the Preliminary Injunction, the Defendants submit their joint plan for the Court's consideration and approval.

## CHAIR RUSHING'S PROPOSED MODIFICATIONS TO THE PORTAL PROCESS

Following the issuance of the Preliminary Injunction, Chair Rushing and the E-Filing Authority staff began analyzing various alternatives for compliance with the requirements of the Court's Preliminary Injunction Order. The Court's Preliminary Injunction Order concluded that "[t]he heart of the problem is Defendant Rushing's transmission protocol," and noted that "Defendant Rushing could…filter, separate, or otherwise designate confidential complaints for Defendant Forman before transmission." (ECF. No. 56, p. 22, 23). As a result, Chair Rushing and the E-Filing Authority staff focused on modifications to the Portal which would enable confidential civil complaints to be filtered, separated, or otherwise designated from non-confidential civil complaints prior to the transmittal to the individual clerks. As Notices of Confidential Information within Court Filing and Motions to Determine Confidentiality of Court Records are not always filed contemporaneously with the filing of the Complaint, a mechanism was required to be established so that the filtering, separating, or otherwise designating process of confidential complaints can occur with the maximum protection of that information.

On July 1, 2022, the E-Filing Authority Board of Directors held a public meeting and voted to approve a modification to the Portal which would allow for

three (3) radio buttons to appear when someone files a civil case initiating document within the Portal.[1] Those radio buttons would require that the filer expressly acknowledge the following: (1) the document(s) submitted contain no confidential information as defined by Rule 2.420; (2) the document(s) are accompanied in the same filing session by a Notice of Confidential Information within Court Filing as provided in Rule 2.420; or (3) the document(s) are accompanied in the same filing session by a Motion to Determine Confidentiality of Court Records as provided in Rule 2.420. The filer would also be required to acknowledge that they have read and accepted the notice before the documents can be submitted through the Portal. The inclusion of the information provided by the filer, through the use of the radio buttons, will enhance the ability to identify the presence of confidential material at the time the initial complaint is filed in the Portal and provide additional protection of that information. Those complaints with confidential information will then be flagged in the Portal. This will allow those complaints with confidential information to be filtered or separated from those which do not contain confidential information by the respective clerks of court.

Though the Court limited the application of its Preliminary Injunction to those complaints filed within Broward County, the E-Filing Authority Board voted to have

---

[1] The Defendants also discussed Plaintiff's request for a statewide public access portal.

this modification implemented statewide, rather than limit it solely to Broward County, in an effort to ensure consistency and generate efficiency throughout the State. This modification set forth above can be established within two (2) weeks of the Court's approval of this plan. There would then be a testing period of approximately two (2) additional weeks to validate the performance of the various modifications. It is anticipated that the entire modification to Portal can be fully operational within one (1) month or less of approval of the Plan by the Court.[2] Please see attached **Exhibit A** for a more detailed summary of the modifications within the Portal proposed by Chair Rushing, as approved by the E-Filing Authority Board.

## CLERK FORMAN'S MODIFICATIONS TO THE LOCAL CASE MANAGEMENT SYSTEM

In addition to the Authority's above-proposed modification to the Portal, on June 15, 2022, the Broward Clerk implemented a software/technology-based enhancement of its local case management system, namely an automatic electronic process to ensure that access to newly filed circuit civil complaints ("New Case Filings" or "NCFs") will be available to the public no later than 23 hours from the

---

[2] A potential limitation on the implementation of the proposed modification to the Portal is that the developer who would code, test, and implement the proposed modification is unavailable from September 1 through September 18, 2022. Subject to the timing of any approval by the Court, this may or may not impact on the proposed timeline.

moment an NCF has been received by the Broward Clerk's office from the Portal.[3] To achieve this objective, the Broward Clerk has executed a Third Amendment to Computing Systems Innovations Contract 2009-FL092, dated May 17, 2022 ("CSI Amended Contract") with its current third-party software and technology vendor, Sal, Johnson and Associates Inc., a Florida operation, d/b/a Computing Systems Innovations ("CSI"), attached hereto as **Exhibit B**. Pursuant to the CSI Amended Contract, the Broward Clerk and CSI have implemented an electronic process within the Broward Clerk's local case management system that performs automatic processes of civil NCFs, without the need for human intervention, after such NCF has been in the Broward Clerk's validation queue for more than 23 hours.[4]

---

[3] And, as noted in the Preliminary Injunction, "generally speaking, it takes no longer than 5 minutes to process and transmit a complaint from the Portal to the appropriate clerk of court." ECF No. 56 at 5 (quoting ECF No. 43-1 at ¶ 8) (internal quotation marks omitted).

[4] The Broward Clerk has determined that the use of the 23-hour time period will ensure that she also has sufficient administrative and operational capacity to efficiently complete all mandated duties necessary to comply with the Florida Supreme Court Standards for Electronic Access to the Courts (Adopted June 2009, Adopted Modifications August 2017), which require that the Broward Clerk perform her own review/validation process at the local level. Specifically, Section 3.1.9 (Review by Clerk of Court) of the Standards for Electronic Access provides:

> When information has been submitted electronically to the Clerk of Court's Office, via the Florida Courts E-Filing Portal, the Clerk of Court will review the filed document and determine whether it contains the required information for placement into the clerk's case maintenance system. If, during the local document receiving process, a determination is made that the filed document conflicts with any court rules or standards, then the clerk shall place the filed document into a

Further, in accordance with the CSI Amended Contract, the Broward Clerk analyzed the applicable documents and associated case types to ensure that new civil NCFs have been properly identified and included in the new auto-validation process.[5] In order to fully execute the planned validation process, both the Broward

---

pending queue. A filing may be placed in a pending queue for any reason that prevents the filing from being accepted into the clerk's case maintenance system, e.g. documents that cannot be associated with a pending case; a corrupt file; or an incorrect filing fee. (Footnote omitted).

*See* Florida Supreme Court Standards for Electronic Access to the Courts, *available at:https://www.flcourts.org/content/download/219028/file/Updated-E-Access-Standards-August-2017-v18-clean.pdf* (last visited July 6, 2022).

To the extent, there is a conflict between a new NCF and the court's rules or standards, the Broward Clerk will work through those conflicts *after* the NCF is available for public access, and on an individual basis with the filer.

[5] Appendix A to the CSI Amended Contract identifies all the various documents and case types that are subject to the auto-validation process. Appendix B to the CSI Amended Contract identifies only one such type of NCF that is excluded from auto-validation process—specifically, only a New Case Filing that also includes an Application for Determination of Civil Indigency has been excluded from the auto-validation process because an indigency application requires a manual review to determine indigency. *See* Ex. B at App. B. In addition, although not noted in Appendix B, complaints filed by third-party vendors certified by the E-filing Authority Board (i.e., companies that have active credentials to the Portal, have developed a vendor-developed interface, completed required testing, and provided certification to file through the Portal upon a License Agreement approval) are excluded from the auto-validation process. More information on such certified third-party vendors can be found at https://www.myflcourtaccess.com/authority/certified-vendors (last visited July 7, 2022). Even though these two categories of civil NCFs are not included in the auto-validation process, they are now being processed more quickly because the Broward Clerk has implemented the auto-validation solution.

Clerk and CSI have already completed several significant target milestones which include:

- Delivery of the Broward Clerk's Statement of Work ("SOW") to CSI on April 25, 2022.
- The Broward Clerk's acceptance of the CSI service proposal and execution of the CSI Amended Contract on May 17, 2022.
- CSI's completion of the required development and quality assurance testing on May 20, 2022.
- CSI's installation and configuration into the Broward Clerk's test system/environment on May 30, 2022.
- The Broward Clerk's business analysts' testing and acceptance of the new auto-validation process on June 8, 2022.
- CSI's installation and configuration of the auto-validation process in the Broward Clerk's production environment/case management system on June 15, 2022.
- The Broward Clerk's initiation of the live auto-validation process for New Case Filings on June 15, 2022.[6]

Both the Broward Clerk and CSI have each assigned dedicated project managers whose responsibilities encompass not only include the completion of the above-described milestones, but also providing IT specialists and business specialists to deliver as-needed support, scheduling and communication related to the deployment

---

[6] The Broward Clerk also expects to have public website search modifications in production no later than July 13, 2022. The proposed modifications are in the final stages of testing. The implementation of the search modification will allow a Registered User or an Attorney of Record to receive a list of non-confidential circuit civil cases that were filed on a specific day. There is no cost for becoming a Registered User (for members of the public) or an Attorney of Record (for members of the Florida Bar). Even without this search feature, the user is still able to search the Broward Clerk's public access website for newly filed circuit civil complaints by party name, business name, or case number.

and maintenance of the auto-validation process for the Broward Clerk's civil divisions.

As noted above, the Broward Clerk has already implemented this new auto-validation process. The Broward Clerk anticipates that she will be able to ensure, by the date the Plan is adopted, that the electronic auto-validation process implemented within the Broward Clerk's local case management system for New Case Filings has resulted in each New Case Filing in Broward County being made available to the public within 23 hours from the moment such filing is received by the Broward Clerk from the Portal. At the same time, the Broward Clerk also remains compliant with Section 3.1.9 of the Florida Supreme Court Standards for Electronic Access to the Courts (Adopted June 2009, Adopted Modifications August 2017), mandating a myriad of local validation functions for each clerk.

The Broward Clerk submits that the 23-hour maximum time allotted for processing non-confidential civil complaints (with many complaints being processed much sooner) strikes the proper balance between the requirements of the First Amendment and the Broward Clerk's ability to ensure the fair and orderly administration of her Florida Supreme Court-mandated duties, as set forth in the above-referenced Standards for Electronic Access to the Courts. *Cf. Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 328 (4th Cir. 2021) (affirming district court's use of "flexible standard" requiring that public access be provided "on the same day

of filing, insofar as practicable and if not practicable within one court day" and explaining that such standard "provides courts with some leeway where same-day access would be impracticable"); *Courthouse News Serv. v. Planet*, 947 F.3d 581, 596 (9th Cir. 2020) ("Even in this era of electronic filing systems, instantaneous public access to court filings . . . could impair the orderly filing and processing of cases with which the clerk's offices are charged. After all, litigants are not uploading their complaints to the internet; they are filing them with a court, making them subject to judicial administration. The First Amendment does not require courts, public entities with limited resources, to set aside their judicial operations needs to satisfy the immediate demands of the press.").

Clerk Rushing as Chair of the E-Filing Authority and Clerk Forman, as the Clerk of the Court for Broward County, Florida do hereby submit the plan in compliance with the Preliminary Injunction Order of this Court and respectfully request that the Court approve the proposed modifications as set forth herein.

Respectfully submitted,

s/ Elizabeth Desloge Ellis
GREGORY T. STEWART
Florida Bar No. 203718
LYNN M. HOSHIHARA
Florida Bar No. 41194
ELIZABETH DESLOGE ELLIS
Florida Bar No. 97873
KIRSTEN H. MOOD
Florida Bar No. 115595
Nabors, Giblin & Nickerson, P.A.
1500 Mahan Drive, Suite 200
Tallahassee, Florida 32308
(850) 224-4070
(850) 224-4073 (Facsimile)
gstewart@ngnlaw.com
lhoshihara@ngnlaw.com
eellis@ngnlaw.com
kmood@ngnlaw.com
legal-admin@ngnlaw.com
**ATTORNEYS FOR DEFENDANT KAREN E. RUSHING, in her official capacity as chair of the Florida E-Filing Authority**


/s/ Sidney C. Calloway
SIDNEY C. CALLOWAY
Florida Bar No. 790982
Scalloway@shutts.com
AMY WESSEL JONES
Florida Bar No. 93837
AJones@shutts.com
Shutts & Bowen LLP
200 E. Broward Boulevard, Suite 2100
Ft. Lauderdale, Florida 33301
(954) 847-3889
JGoodwin@shutts.com
EHumaran@shutts.com

11

**ATTORNEYS FOR DEFENDANT BRENDA D. FORMAN**, in her official capacity as Broward County Clerk of Court

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th day of July 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. I also certify that the foregoing document is being served this date on all counsel of record via transmission of Notices of Electronic Filing generated by the CM/ECF system to the following counsel of record:

Carol J. LoCicero, Esq.
Mark R. Caramanica, Esq.
Thomas & LoCicero, PL
601 South Boulevard
Tampa, Florida 33606
(813) 984-3060
(813) 984-3070 (facsimile)
clocicero@tlolawfirm.com
mcaramanica@tlolawfirm.com
tgilley@tlolawfirm.com
**Attorneys for Plaintiff**

Daniela B. Abratt, Esq.
Thomas & LoCicero, PL
915 Middle River Drive, Suite 309
Fort Lauderdale, Florida 33304
(954) 703-3418
(954) 400-5415 (facsimile)
dabratt@tlolawfirm.com
bbrennan@tlolawfirm.com
**Attorneys for Plaintiff**

Jonathan E. Ginsberg, Esq.
Bryan Cave Leighton Paisner, LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 541-1130
jon.ginsberg@bclplaw.com
dortiz@bclplaw.com
**Attorneys for Plaintiff**

                                                                   s/ Elizabeth Desloge Ellis
                                                                   Elizabeth Desloge Ellis