IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**COURTHOUSE NEWS SERVICE,**

   *Plaintiff*,

v.                                                                              Case No.: 4:22cv106-MW/MAF

**BRENDA D. FORMAN,**
**et al.,**

   *Defendants*.

_____/

## ORDER GRANTING INJUNCTIVE RELIEF

This Court has considered, without hearing, the parties' positions on whether Defendant Rushing's interlocutory appeal of this Court's order, ECF No. 56, divests this Court of jurisdiction. *See* ECF Nos. 75, 76, & 77. This Court has also considered, without hearing, Defendants' notice of filing joint plan and attachments, *see* ECF No. 61, Plaintiff's response, ECF No. 68, and the Defendants' reply to Plaintiff's response, ECF Nos. 73 & 74. For the reasons stated below, this Court finds that Defendant Rushing's notice of appeal has not divested this Court of jurisdiction. Further, this Court adopts Defendants' joint plan as preliminary injunctive relief.

I

This Court begins with a bit of housekeeping. On May 12, 2022, this case proceeded to a hearing on Plaintiff's motion for preliminary injunction. ECF No. 49.

This Court then entered an order on June 10, 2022, granting Plaintiff's motion for preliminary injunction. ECF No. 56. Though this Court's order is titled "Preliminary Injunction," this Court did not enjoin either Defendant acting under their challenged policies. Instead, in anticipation of granting injunctive relief, this Court ordered Defendants to submit a joint plan consistent with the directions this Court identified in its order granting the preliminary injunction. This Court later granted Defendant Rushing's requested extension of Defendants' deadline to submit the joint plan, and Defendants filed their plan consistent with this Court's direction on July 8, 2022. ECF No. 61. Three days later, Defendant Rushing filed a notice of appeal of this Court's order granting the motion for preliminary injunction. ECF No. 63.

Given this posture, this Court must first decide whether Defendant Rushing's interlocutory appeal divests it of jurisdiction. On this point, this Court agrees with Defendant Rushing and Plaintiff that this Court is *not* divested of jurisdiction and thus can issue an injunction consistent with its prior order, ECF No. 56.

Defendant Forman asserts otherwise, comparing this case to the situation presented in *J W ex rel. Williams v. Birmingham Board of Education*, 904 F.3d 1248, 1255 (11th Cir. 2018). In that case, the Eleventh Circuit noted that "[a] district court order in a § 1983 case requiring one or more of the parties to submit a remedial plan, without more, is not final." *Id*. (citation omitted). "But such an order is immediately appealable when it contains other injunctive relief or when the content of the plan to

2

be submitted has already been substantially prescribed by the district court." *Id*. (citation and quotation marks omitted). The court order on review included "detailed factual findings about the challenged conduct, concluded that the constitutional rights of certain students had been violated, and specified the amount of damages that those students were entitled to." *Id*. Importantly, the district court also ordered the parties to submit a remedial plan and included several "general practices" to guide the parties' conference—in other words, the district court identified several specific details that the district court expected to be included in the remedial plan. *Id*.

Here, on the other hand, although this Court made factual findings and ordered Defendants to confer and submit a joint remedial plan, this Court did not "substantially prescribe" the content of the plan it ordered Defendants to submit. Indeed, this Court's directions to Defendants were far from the detailed requirements at issue in *J W*. Specifically, this Court noted that it "will not tell Defendants how they must facilitate timely public review." ECF No. 56 at 49. Moreover, this Court acknowledged "that there is more than one way to skin a cat; that is, there may be other, reasonable ways to facilitate timely public review of non-confidential civil complaints." *Id*. Thus this Court "permitted [Defendants] to choose their preferred solution." *Id*. The sole limitation on Defendants' discretion in crafting a remedial plan was that Defendants could no longer "withhold[] public access to non-

3

confidential complaints in Broward County before clerical processing," and they must "jointly come up with a plan that will resolve the constitutional deficiencies" identified in the order. *Id*. at 50.

Likewise, this Court's order, ECF No. 56, did not contain "other injunctive relief." *J W*, 904 F.3d at 1255. Rather, this Court ordered Defendants to submit a remedial plan and explicitly stated that "[o]nce this Court approves Defendants' plan, [it] will *then issue an injunction* directing them to comply with their plan." ECF No. 56 at 53 (emphasis added). The order did not change the status quo in any material respect. Instead, it explained that Plaintiff is entitled to a preliminary injunction and anticipated altering the status quo upon receipt of Defendants' joint plan.

Accordingly, as a preliminary matter, I find that Defendant Rushing's appeal has not divested this Court of jurisdiction to issue an injunction in furtherance of this Court's Order, ECF No. 56.

II

Next, this Court considers Defendants' joint plan and the parties' briefing in support of and opposition to the plan. *See* ECF Nos. 61, 68, 73, & 74. This Court will address each Defendant's proposal in turn.

A

First, Defendant Rushing proposed modifications at the Portal end to help filter new filings to streamline Defendant Forman's review and provision of public access. ECF No. 61 at 3–5. While this Court only ordered relief in Broward County, the E-Filing Authority Board voted to implement these modifications statewide. *Id.* Specifically, Defendant Rushing suggested adding a layer requiring filers to select one of three choices before filing a complaint:

> A. The document(s) submitted contain no confidential information as defined by Rule 2.420; or
>
> B. The document(s) are accompanied in the same filing session by a Notice of Confidential Information within Court Filing as provided in Rule 2.420; or
>
> C. The document(s) are accompanied in the same filing session by a Motion to Determine Confidentiality of Court Records as provided in Rule 2.420.

ECF No. 61-1 at 2. Filers who select option A must—before filing—acknowledge that their filings will be made publicly available. *Id.* And the filers who select options B or C will have their filings deemed confidential and flagged for further review and processing. *Id.* at 3. Upon filing, Defendant Rushing will then transmit both confidential and non-confidential complaints to the respective county clerks of court with the flags attached to the former. *Id.*

Plaintiff does not object to adding the three choices but "notes they change little of substance in the filing process because filers already input confidential case

5

and document types." ECF No. 68 at 3. These three choices capture more than the existing case information selections, however. In particular, Defendant Rushing noted an issue where Notices of Confidential Information within Court Filing and Motions to Determine Confidentiality of Court Records are not always filed contemporaneously with complaints. ECF No. 61 at 3. Because these documents trigger Defendant Forman's duty to maintain confidential information under Rule 2.420(d)(1), there is a legitimate fear that complaints lacking these attendant documents could slip through as non-confidential. Defendant Rushing's proposal thus adds a layer of protection by certifying that confidential complaints will be properly designated.

Plaintiff also argues that Defendant Rushing must do more than flag confidential complaints to comply with this Court's order. ECF No. 68 at 4. And, because filers currently mark confidential complaints at the intake stage, Plaintiff claims that this "flagging" is already in place and has done nothing to prevent the First Amendment violation. *Id.* Not so. There is a significant difference between flagging complaints on the filer-side, which already occurs, ECF No. 56 at 4, 35, and flagging complaints internally, which Defendant Rushing now proposes, *id.* at 23, 38. As this Court previously recognized, the "heart of the problem is Defendant Rushing's transmission protocol," where her office would collect a wealth of information from the filer but only internally filter complaints by county. *Id.* at 22–

24. Indeed, this Court suggested that "[u]sing the information collected during intake, Defendant Rushing could, for example, filter, separate, or otherwise designate confidential complaints for Defendant Forman before transmission." *Id.* at 23. Now, by marking confidential complaints as such, Defendant Rushing can signal to Defendant Forman during transmission which complaints to make publicly available and which complaints to keep private. This additional communication will eliminate a cumbersome level of review for Defendant Forman and thus expedite public access to Broward County complaints. Accordingly, Defendant Rushing's proposal complies with this Court's directive.

B

Defendant Forman's proposal, on the other hand, is more nuanced. The week after this Court issued the preliminary injunction order,[1] Defendant Forman implemented an enhancement to the Broward County local case maintenance system to ensure that complaints will be publicly available no later than 23 hours after receipt from Defendant Rushing. ECF No. 61 at 5–10. Defendant Forman achieved this through a contract with Computer Systems Innovation ("CSI") executed on May 17, 2022. *Id.* at 6; ECF No. 61-2. With CSI's help, Defendant Forman will

---

[1] This Court issued its preliminary injunction order on June 10, 2022. ECF No. 56. In Defendants' notice of filing joint plan, ECF No. 61, Defendant Forman stated that she implemented this enhancement on June 15, 2022. *Id.* at 5–10. If that date is correct, Defendant Forman implemented her plan without ever conferring—as she was ordered to do—with Defendant Rushing. In her reply brief, however, Defendant Forman states that the implementation occurred on June 17, 2022. ECF No. 74. This Court is not certain which date is correct.

automatically "validate" complaints that have been in her validation queue for more than 23 hours and make them publicly available thereafter. ECF No. 61 at 6–10. Defendant Forman claims that this "23-hour time period will ensure that she also has sufficient administrative and operational capacity to efficiently complete all mandated duties necessary to comply with the Florida Supreme Court Standards . . . which require [her to] perform her own review/validation process at the local level." *Id.* at 6 n.4.

In ordering injunctive relief, this Court did not require Defendants to make Broward County complaints publicly available within a specific timeframe. ECF No. 56 at 17–18, 45–46. Instead, this Court found Defendants' no-access-before-process policies unconstitutional and "enjoin[ed] Defendants from withholding public access to non-confidential complaints in Broward County before clerical processing." *Id.* at 45–46, 48–49. Defendant Forman asserts she "has made a diligent, good faith effort to comply with this Court's [p]reliminary [i]njunction," but this Court is not so convinced. ECF No. 74 at 6.

First, Defendant Forman's timeline suggests that this new auto-validation system had been in motion for months, and she implemented it irrespective of this Court's order. *See* ECF No. 61 at 8. Indeed, this Court's order, issued on June 10, 2022, appears to be nothing more than a speedbump in Defendant Forman's plans.

8

Second, Defendant Forman, bizarrely, still refuses to treat non-confidential and confidential complaints differently or acknowledge her significantly narrowed responsibility under Rule 2.420. *See* ECF No. 74 at 5 (claiming that her "fundamental day-to-day responsibilities relating to newly filed circuit civil complaints is to validate all such complaints on a full panoply of measures," including "reviewing documents for confidentiality reasons"). Instead, she seeks to validate all incoming filings—non-confidential and confidential alike—before providing access, seemingly nullifying Defendant Rushing's efforts to mark confidential complaints beforehand. This Court ordered Defendants to "move past pointing fingers" and "*jointly* come up with a plan." ECF No. 56 at 50. Clearly, only Defendant Rushing got the message.

Third, Defendant Forman still denies access to non-confidential complaints until after clerical processing. In finding Defendants' practices unconstitutional, this Court noted that Defendant Forman deliberately "avoided discussing exactly what 'processing' entails." *Id.* at 20. Now, Defendant Forman attempts to shift the discussion from "processing" to "validation," but the difference is little more than semantics. ECF No. 68 at 3 n.3. Indeed, despite multiple filings and a preliminary injunction hearing, *see* ECF Nos. 23, 26, 44, 48, & 50, Defendant Forman first mentioned this validation duty in the joint plan, ECF No. 61. She defines " 'validation' [as] the mandated process by which the clerk reviews electronically

9

submitted documents received from the Portal to determine whether the filing contains the required information for placement to the [c]lerk's case maintenance system," and cites several sources in support. ECF No. 74 at 5. None of these sources, however, require Defendant Forman to validate complaints *before* providing access. Indeed, these sources do not stand for the idea that "validation" and providing public access are mutually exclusive activities.

In sum, this Court is appreciative of Defendant Forman's responsibility to validate new filings, but there is nothing under Florida law requiring her to validate non-confidential civil complaints *before* making them publicly available. This Court previously "concluded that the First Amendment proscribes Defendants from delaying access to complaints before clerical processing," ECF No. 56 at 46, and no matter how Defendant Forman defines validation, validation amounts to "clerical processing."

That being said, despite her best efforts to the contrary, Defendant Forman may have stumbled into a solution compliant with this Court's order. To be sure, this Court ruled that Defendant Forman could not "withhold[] public access to non-confidential complaints in Broward County before clerical processing," *id.* at 49–50, and her new framework does just that. But this Court also clarified that "Defendants cannot go back to their old policies," *id.* at 50, and Defendant Forman's new scheme is certainly an improvement.

More importantly, when this Court mandated "access before process," it did so not because there is something inherently pernicious about Defendant Forman's processing, but because her processing contributed to unjustifiably delay access to complaints. At the time of the preliminary injunction order, the record revealed that Broward County complaints were "almost always unavailable until at least one day after filing." *Id.* at 18. Noting that other courts had "applied constitutional scrutiny to delays of 24 hours after filing, delays beyond the filing date, delays beyond five business hours after filing, and any delay beyond 'immediate access,' " this Court accordingly applied the First Amendment to Defendants' one-plus-day delay.[2]

This Court then found Defendants' policies unconstitutional not necessarily because they concealed complaints for a specific amount of time—i.e., they did not cross a particular threshold—but because there was no sufficient justification for the delay. Indeed, this Court acknowledged that both Defendants failed to articulate why their policies were constitutional or even provide justifications or explanations for the delay. *Id.* at 31–32. At the hearing, instead of explaining what "processing" actually entails or what her office actually does with newly filed complaints, Defendant Forman provided boilerplate responses that her process for handling

---

[2] *Id.* at 17–18 (footnote omitted) (citations omitted) (first citing *Courthouse News Serv. v. Quinlan*, 32 F.4th 15, 21 (1st Cir. 2022); then citing *Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 328–29 (4th Cir. 2021); then citing *Courthouse News Serv. v. N.M. Admin. Off. of the Cts.*, CIV 21-0710 JB/LF, 2021 WL 4710644, at *41 (D.N.M. Oct. 8, 2021); and then quoting *Courthouse News Serv. v. Planet* (*Planet III*), 947 F.3d 581, 596 (9th Cir. 2020)).

11

complaints is prescribed by Florida law, and her "customs and practices" accord with statutory mandates. *Id.* at 20, 32. And rather than address the merits of Plaintiff's claims or discuss the feasibility of expediting "processing," and thus expediting access, Defendant Forman devoted her presentation toward quasi-judicial immunity, ECF No. 50 at 26–31, disputing the existence of any delay or injury, *id.* at 31–38, indispensable party arguments, *id.* at 45–56, abstention, *id.* at 57–62, and the remarkable argument that expending just $1.00 in relief would injure the public by "upsetting the intricate balancing of precious state resources" and outweigh any injury to Plaintiff, *id.* at 39–42.

While heavy on conceptual arguments, Defendant Forman's presentation was devoid of any "nuts and bolts" concerning the facts at issue with respect to the merits of Plaintiff's claim, leaving this Court with little insight into how Defendant Forman "processed" complaints. One thing was clear, however. Regardless of what Defendant Forman did with non-confidential Broward County complaints, she kept them out of public view for one or more days after filing without justification. That, the Constitution does not tolerate.

The evidence, at the time, suggested that the delay was largely due to Defendant Forman reviewing and redacting confidential information from complaints, which she no longer had to do under Rule 2.420. ECF No. 56 at 20. Under Defendant Forman's new scheme, despite this Court's order, she inexplicably

continues to process and review incoming complaints for confidentiality before releasing them to the public. Critically, however, she does all of this within 23 hours.

Yes, this Court "enjoin[ed] Defendants from withholding public access to non-confidential complaints in Broward County before clerical processing," *id.* at 49–50, but that was with the understanding that "processing" took over a day—sometimes several days—to complete. And such capacious language was necessary given Defendant Forman's continued refusal to meaningfully engage in this litigation and inform the Court about her responsibilities. Now, despite sitting on this knowledge for several months, Defendant Forman reveals that processing will take, at most, 23 hours, and perhaps even 19 hours.[3] ECF No. 74 at 10. This, the Constitution *does* tolerate.

Plaintiff urges this Court to reject Defendant Forman's new scheme because validation still precedes access. ECF No. 68. But accepting Plaintiff's argument would require this Court to draw lines that no other court has seen fit to adopt, and to do so on a scant record. Plaintiff's position would essentially require Defendant Forman to furnish access the moment she receives complaints from Defendant

---

[3] Defendant Forman submitted her Statement of Work to CSI on April 25, 2022, ECF No. 61 at 8, thereby suggesting that at the time of the preliminary injunction hearing on May 12, 2022, she had identified a delay in Broward County and taken meaningful steps to expedite clerical processing through auto-validation. Her counsel's presentation revealed nothing of the sort, however. He refused to discuss technical details of Defendant Forman's practices or even acknowledge the existence of a delay, only adding to the mounting frustration in this case. Defendant Forman's counsel is reminded of his duty of candor to the Court. *See* Fla. Bar. R. 4-3.3.

Rushing, so around five minutes after filing. ECF No. 43-1 ¶ 8. No court thus far has held that the First Amendment commands such instantaneous access to non-confidential civil complaints.

True, the Second Circuit has recognized a right of "immediate access," *Lugosch v. Pyramid Co.*, 435 F.3d 110, 126 (2d Cir. 2006), but that was in the context of obtaining summary judgment documents that had been sealed for months. *Id.* at 112–13; *see also Courthouse News Serv. v. Tingling*, 16 Civ. 8742, 2016 WL 8505086, at *1 (S.D.N.Y. Dec. 16, 2016) (requiring only "access to [complaints] in a *timely manner* upon receipt" (emphasis added)). And while the Seventh Circuit previously found that "access should be immediate and contemporaneous," *Grove Fresh Distribs. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994), the *Brown* court clarified that "*Grove Fresh* addressed delays on the order of months and years, not hours or even minutes . . . . [and] does not . . . compel the instant access to every filing in all civil (or criminal) cases," *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1071 n.5 (7th Cir. 2018).

The Constitution, of course, "does not require the impossible," nor "does [i]t require perfect or instantaneous access." *Schaefer*, 2 F.4th at 328. And as the Ninth Circuit stated in *Planet III*, the qualified First Amendment right of access does not "demand[] immediate, pre-processing access to newly filed complaints." *Planet III*, 947 F.3d at 594. Instead, the First Amendment at least protects the right to

"contemporaneous access," which has been defined as "the same day on which the complaint is filed, insofar as is practicable; and when not practicable, on the next court date." *Schaefer*, 2 F.4th at 328 (quoting *Courthouse News Serv. v. Schaefer*, 440 F. Supp. 3d 532, 562 (E.D. Va. 2020)); *see also N.M. Admin. Off. of the Cts.*, 2021 WL 4710644 (requiring access within five business hours); *Courthouse News Serv. v. Jackson*, No. 4:09-CV-01844, 2010 WL 11546125 (S.D. Tex. Mar. 2, 2010) (requiring same-day access). This Court agrees with the reasoning of other courts and finds that Defendant Forman's new scheme accords with the First Amendment. While she still processes complaints beforehand, she makes them publicly available within 23 hours of receipt—a constitutionally permissible amount of time.

Make no mistake, Defendant Forman's recalcitrance and refusal to cooperate in this litigation are not lost on this Court and such behavior is not being rewarded. This Court ordered Defendants to "submit a plan for providing timely public access to non-confidential civil complaints before clerical processing occurs." ECF No. 56 at 50. Yet, rather than submit a plan for approval, Defendant Forman *implemented* a plan already in progress and said, "deal with it." And a plan that still validates complaints before access, no less. Moreover, Defendant Forman used this opportunity to dump evidence and present all the technical details missing at the preliminary injunction hearing.

15

As distracting as her efforts have been, this Court must keep its eye on the ball. At bottom, under Defendant Forman's proposal, non-confidential Broward County civil complaints are publicly accessible within 23 hours of filing. For purposes of the preliminary injunction, this new scheme ameliorates the delay in Broward County and complies with this Court's order. Accordingly, this Court adopts Defendant Forman's plan as well.

Having adopted both Defendants' remedial plans, this Court incorporates its prior order, ECF No. 56, and now orders relief. Defendant Rushing indicated that it will take approximately two weeks to implement the filtering process and an additional two weeks to validate and verify that the modifications are operating correctly. ECF No. 61-1 at 3. Accordingly, Defendant Rushing is hereby ordered to fully implement her proposed modifications within 28 days of this order. As for Defendant Forman, she has already implemented her new scheme and is so ordered to maintain this practice such that newly filed non-confidential Broward County complaints are publicly accessible within 23 hours of filing. In so ordering this relief, this Court does not enshrine 23 hours as a talismanic length of time that will insulate Defendants from further constitutional scrutiny. Rather, this is merely preliminary relief. Things may play out differently once this case is ultimately decided on the merits, but that is a question for a later date.

This Court incorporates its prior order, ECF No. 56, by reference, and for the reasons stated in that order and above,

**IT IS ORDERED**:

1. Defendants Rushing and Forman shall comply with the proposed joint plan, ECF No. 61, and shall not revert to prior processes that delay public access for more than 23 hours.

2. Defendants Rushing and Forman shall file a joint status report on or before Tuesday, September 6, 2022, notifying this Court of the status of implementing the measures set out in the joint plan, ECF No. 61.

3. This injunction is effective immediately without the posting of security.[4]

**SO ORDERED on August 5, 2022.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**

---

[4] In its prior order, ECF No. 56, this Court found a bond unnecessary and waived the bond requirement. *Id.* at 50–51.