# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**COURTHOUSE NEWS SERVICE,**

    *Plaintiff*,

**v.**                                 **Case No.: 4:22cv106-MW/MAF**

**KAREN E. RUSHING, in her
official capacity as chair of the
Florida E-Filing Authority,**

    *Defendant*.

_____/

## ORDER DISSOLVING INJUNCTION AND
## GRANTING JOINT MOTION TO DISMISS

By prior Order, this Court took the parties' joint motion to dismiss, ECF No. 91, under advisement pending dismissal of Defendant Rushing's[1] interlocutory appeal. Defendant Rushing has now filed a notice with this Court, ECF No. 93, indicating that the Eleventh Circuit has dismissed her interlocutory appeal. Likewise, the Eleventh Circuit has issued the mandate with respect to the dismissal of Defendant Rushing's interlocutory appeal. ECF No. 94. Accordingly, this Court now has jurisdiction to resolve the parties' joint motion to dismiss.

---

[1] This Court inadvertently referred to Defendant Rushing as "Defendant Forman" in its prior Order, ECF No. 92. Defendant Rushing is the only party to have filed an interlocutory appeal of this Court's Order, ECF No. 56. *See* ECF No. 63.

This Court has considered, without hearing, the parties' joint motion to dismiss Plaintiff's claims against Defendant Rushing. ECF No. 91. The motion is **GRANTED**.

Accordingly,

**IT IS ORDERED:**

1. All previously entered preliminary injunction orders are dissolved and without effect as to Defendant Rushing based on the parties' settlement agreement.

2. The parties must comply with their settlement agreement.

3. All claims against Defendant Rushing other than for enforcement of the settlement agreement are voluntarily dismissed with prejudice under Federal Rule of Civil Procedure 41.

4. Jurisdiction is retained to enforce the order to comply with the settlement agreement.

5. The Clerk must enter judgment as to Defendant Rushing stating, "The parties are ordered to comply with their settlement agreement. The Court reserves jurisdiction to enforce the order to comply with the settlement agreement. All claims in this case against Karen E. Rushing in her official capacity as Chair of the Florida E-Filing Authority are voluntarily dismissed with prejudice under Federal Rule of Civil Procedure 41."

6. A party who objects to the terms of this Order or the judgment to be entered based on this Order must file a timely motion to alter or amend under Federal Rule of Civil Procedure 59(e).

7. The Clerk shall close the file.

**SO ORDERED on September 7, 2022.**

**s/Mark E. Walker** 
**Chief United States District Judge**